### Michael and Nancy WOOD, et al. v. Marc WOOD

[693 A.2d 673]

No. 95-089

February 18, 1997. In this nuisance action, plaintiffs Michael and Nancy Wood, Richard White, Richelle, Sandra and Todd McKenney and Andrew Campbell appeal from a jury verdict in favor of defendant Marc Wood. Plaintiffs contend the jury was improperly instructed on the elements of nuisance. In addition plaintiff Michael Wood appeals a jury award against him for $1000 actual damages and $20,000 punitive damages on defendant's counterclaim for slander, alleging there was no evidence of actual harm. Defendant cross-appeals an order granting plaintiffs injunctive relief. We affirm the nuisance judgment, reverse the slander award, and vacate the order for injunctive relief.

Defendant owns a pig farm on property adjacent to plaintiffs Michael and Nancy Wood and Richard White. The McKenneys and Andrew Campbell were all tenants on defendant's farm at one time or another. Plaintiffs brought a nuisance action against defendant, claiming that the odor, flies, and vermin emanating from defendant's farm unreasonably interfered with the use and enjoyment of their property. Defendant filed a counterclaim alleging slander against Michael Wood for driving away business. The jury returned special verdicts, finding that the pig farm was not a nuisance to plaintiffs, and that Michael Wood had slandered defendant. At the conclusion of the trial, the court issued an injunction ordering that defendant limit the number of breeding sows he could have on the farm to seventy-five. The order also required defendant to renovate his barn and landscape his property within a reasonable amount of time so that the barn could house all the livestock, ventilate odor out the top of the barn, remove manure every ten days, and control waste water runoff.

### I. Nuisance Instruction

Plaintiffs contend the court erred in instructing that nuisance must be intentional, that is, that defendant must have intended to interfere with the use and enjoyment of plaintiffs' property. Although plaintiffs' counsel objected to the instruction prior to the court's charge to the jury, he failed to renew the objection at the conclusion of the charge. Accordingly, the issue was not properly preserved for review on appeal.

The law on this point is clear. This Court has explicitly held that an objection following jury instructions is necessary to preserve the issue for appeal. *Winey v. William E. Dailey, Inc.*, 161 Vt. 129,

137-38, 636 A.2d 744, 749-50 (1993); *State v. Pelican*, 160 Vt. 536, 538, 632 A.2d 24, 26 (1993). We recently reaffirmed this rule, holding that an objection to an intent instruction is not properly preserved unless specifically renewed after the jury charge. *State v. Bacon*, 163 Vt. 279, 284, 658 A.2d 54, 59 (1995). Furthermore, V.R.C.P. 51(b) provides, "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."

## II. Slander Award

The jury returned a verdict against plaintiff Michael Wood for $1000 in actual damages and $20,000 in punitive damages for slander. He contends there is insufficient evidence to support the award.

To recover general damages in an action for slander, a party must show some actual harm. *Solomon v. Atlantis Dev., Inc.*, 147 Vt. 349, 359, 516 A.2d 132, 138 (1986); *Lent v. Huntoon*, 143 Vt. 539, 549, 470 A.2d 1162, 1170 (1983). In this case, defendant had the burden of producing credible evidence of actual injury caused by Michael Wood's alleged slander. See *Crump v. P & C Food Markets, Inc.*, 154 Vt. 284, 295, 576 A.2d 441, 448 (1990). In *Crump* we held that evidence of sleeping problems, loss of appetite, development of a temporary drinking problem, and deteriorating family relationships demonstrated actual harm. *Id.* We have also recognized that proof of "embarrassment and temporary injury to reputation" would be sufficient to support an award of general damages. *Solomon*, 147 Vt. at 359, 516 A.2d at 138.

Defendant in this case adduced no credible evidence of actual harm. The only mention of harm comes from defendant's deposition where he stated that he was "100 percent sure [he had] lost a lot of customers" and his assertion at trial that his reputation had been injured and that he had lost sales. Defendant produced no evidence, however, to substantiate the claim. Indeed, defendant further stated that his demand for pork exceeded his supply and that his customers praised his pork despite plaintiff's alleged slanderous remarks. This statement confirms that no injury to reputation occurred. The slander award must therefore be reversed.

## III. Injunctive Relief

Defendant appeals from the order for injunctive relief issued after the trial. Defendant argues that the trial court had no basis to enjoin him after the jury had returned its verdict that the pig farm did not constitute a nuisance.

Generally, legal claims should be decided by the jury before the judge proceeds to decide any equitable claims. See *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510-11 (1959) (preservation of right to jury trial on legal issues may not "be lost through prior determination of equitable claims."); *Ritter v. Mount St. Mary's College*, 814 F.2d 986, 990 (4th Cir. 1987) ("where legal and equitable claims are contained in the same set of facts, the right to a jury trial, which the legal claims permit, should predominate, precluding the prior determination of the factual issues by a court sitting in equity."). Issues resolved by the jury are binding on the court. "Indeed . . . when common issues are simultaneously tried to both a judge and a jury, the jury's findings with respect to those common issues are binding upon the judge." *Snider v. Consolidation Coal Co.*, 973 F.2d 555, 559 (7th Cir. 1992).

Here, there were common issues between the legal and equitable claims. In both plaintiffs' case-in-chief and defendant's case-in-chief there was testimony detailing defendant's future plans for his

pig farm, which included a five-year plan whereby the farm would consist of a refurbished barn that could house and feed 500 breeding sows. The special jury verdicts posed the specific question whether defendant's plans for the future use of his property would create a permanent nuisance to plaintiffs. The jury found that it would not pose a nuisance. Nevertheless the judge, after the jury verdict, limited defendant's future use of his land to seventy-five breeding sows and placed other limits on defendant's use of his farm that conflicted with the jury verdict finding no nuisance. Accordingly, the order was improper and must be vacated.

*That portion of the judgment awarding damages to defendant for slander is reversed. The order granting injunctive relief against defendant is reversed. In all other aspects, the judgment is affirmed.*

Motions for reargument denied March 13 and March 17, 1997.